*Chambers, Stein, Ferguson & Lanning, by James E. Ferguson II, and Robert Harrell, for defendant appellant.*

LOUVELIA FERGUSON v. LACY FERGUSON, JR.

No. 7019SC435

(Filed 16 September 1970)

**Divorce and Alimony § 2; Jury § 1— right to jury trial — wife's abandonment of alimony claim**

In the wife's action for alimony without divorce and for custody and support of the children, the trial court properly removed the case from the trial docket when the wife abandoned her claim to alimony, and the defendant was not entitled to a jury trial on the issue of

Ferguson v. Ferguson

abandonment of his children. G.S. 50-13.5(g), G.S. 50-13.5(h), G.S. 50-13.7.

APPEAL by defendant from *Gambill, J.*, 2 March 1970 Session of RANDOLPH County Superior Court.

This action for alimony without divorce and custody and support for minor children was filed by plaintiff on 2 May 1969. When the matter came on for a *pendente lite* hearing on 16 May 1969, plaintiff stated in open court that she was not seeking support for herself but only for the children. The court thereupon awarded custody of the children to plaintiff, ordered defendant to provide for their support, and retained the cause pending further orders.

The cause was thereafter calendared for trial at the 2 March 1970 Session of Superior Court. Judge Gambill made findings, based upon the record and recited stipulations, that the parties were divorced subsequent to the institution of the action, that plaintiff's claim for support for herself had been withdrawn, and that no issue remained to be passed upon by a jury. Based upon these findings, Judge Gambill ordered the case stricken from the trial docket and placed on the inactive docket to be subject to future orders "on the question of custody and support of the minor children as facts and circumstances justify." Defendant appealed.

*No appearance of counsel for plaintiff.*

*Ottway Burton for defendant appellant.*

GRAHAM, J.

Defendant's principal contention is that he is entitled to a jury trial on the issue of abandonment of his children, since the complaint alleged and the answer denied that defendant had wilfully abandoned and refused to support the plaintiff *and the minor children*. His contention has no merit. "Orders for custody and support of minor children may be entered when the matter is before the court . . . irrespective of the rights of the wife and the husband as between themselves in an action . . . for alimony without divorce." G.S. 50-13.5(g). Proceedings for custody and support of minor children are to be heard by the court without a jury. G.S. 50-13.5(h). When the plaintiff abandoned her claim for alimony, nothing remained for a jury to hear and the court properly removed the case from the trial docket. The

previous order for custody and support of the minor children remains subject to change or modification upon motion in the cause and a showing of changed circumstances by either party or anyone interested. G.S. 50-13.7.

Defendant's other exceptions and assignments of error have been carefully examined. No prejudicial error has been made to appear.

Affirmed.

BROCK and MORRIS, JJ., concur.